### ARMINDA C. KNIFFIN v. JOSEPHINE B. SCHAFFER, ET AL.

CHILDREN BORN OUT OF LAWFUL WEDLOCK, LEGITIMATE.

Under sec. 4175, Rev. Stat., children born out of lawful wedlock, whose parents subsequently intermarry, are deemed legitimate and the meaning of that statute is that such children shall be regarded, in all respects, precisely as if the marriage had occurred before instead of after their birth.

APPEAL from Huron county Common Pleas Court.

SCRIBNER, J.

This is a proceeding which comes into this court by way of appeal from a judgment rendered therein by the court of common pleas.

On January 22, 1877, one Benjamin Kniffin, then in full health, and a resident of Huron county, executed in due form his last will and testament. At that date, he was the owner of a large body of real estate situated in Huron county as well as a considerable personal property. He left surviving him several children, perhaps five in number. He died July 12, 1877. His will was admitted to probate July 30, 1877. By that will, which appears to have been very carefully prepared, the testator disposes of a large body, if not the whole of his large estate. The clause material to be considered in disposing of the principal question here presented, is as follows: "To my son, Charles B. Kniffin, I do further give, bequeath and devise for, and during the time of his natural life, the entire use, benefit, custody and control of 133⅓ acres of land situated in my said old farm, consisting of 400 acres of land lying east of and adjoin-

ing said last before mentioned 133⅓ acres of land; in case my said son, Charles B. Kniffin, shall have lawful heirs of his body begotten, then, and in that case, I do give and devise the said land to him in fee simple; and in case my said son, Charles B. Kniffin, shall die having no lawful heirs of his body begotten, then, and in that case, in all respects subject to his having the use and benefit of the same during his lifetime as aforesaid, I do give and devise the said land to all my grandchildren living at the death of my said son, Charles B. Kniffin, which shall be children of my children now living, to be equally divided amongst them."

Charles B. Kniffin died August 4, 1893, without issue and according to the express terms of that portion of the will which I have just read, Charles B. Kniffin never having had lawful heirs of his body begotten, the said tract of 133⅓ acres of land passed, by the terms of his will, to his grandchildren living at the death of his said son, Charles B. Kniffin, "which shall be children of my children now living to be equally divided amongst them."

The present proceeding, as I have stated, is an action in partition brought by Arminda C. Kniffin against Josephine C. Schaffer, Benjamin F. Kniffin, Jr., aged 20 years, Harry W. Kniffin, aged 18 years, Alta Kniffin, aged 16 years, Clarence Ingersol, aged 19 years, Florence Ingersol, aged 17 years, Benjamin K. Kryster and George Kniffin, defendants. These nine persons, it is alleged by the plaintiff, constitute the grandchildren of the deceased testator, living at the death of the said Charles B. Kniffin, and they are the children, as it is alleged upon the part of the plaintiff, of the children of the testator living at the date of the execution of the will. No question is made but what these nine persons named in the petition, are the children of the children of the testator who were living at the date of the execution of the will; but as to five of these parties, including the plaintiff, Arminda C. Kniffin, it is insisted, upon the part of the remaining four, that they do not come within the terms of the will, and for this reason: Their father, Benjamin F. Kniffin, who was named as one of the devisees in the will, and as one of the executors of it, lived and cohabited with the mother of these children for many years before there was any actual, lawful marriage. They were married on May 9, 1876, in the state of Michigan. The youngest of the five children was born March 11, 1877, some ten months, or thereabouts after the marriage which is proved to have taken place in the state of Michigan. The other four children were born before marriage and, therefore, out of lawful wedlock. But the marriage having taken place in due form as is shown by undisputed testimony in the case, the question arises, under the statute as to whether or not they are within the terms of the devise.

Section 4175 of the statute provides as follows: "When a man has by a woman one or more children, and afterwards intermarries with her, such issue, if acknowledged by him as his child or children, shall be deemed legitimate; and the issue of parents whose marriage is deemed null in law, shall nevertheless be legitimate."

There can be no question but that all these children were acknowledged by Benjamin F. Kniffin, their father. The man and the woman lived and cohabited as husband and wife. They lived for sometime in Huron county where one child was born. They lived for years thereafter in Williams county where the remaining four children were born. They lived and were treated and apparently regarded as of one family, as is ordinarily the case when a man and woman have been duly married, the father recognizing the children as his own and treated them in all respects as if born in lawful wedlock.

It is insisted upon the part of the four grandchildren whose legitimacy is unquestioned—the four parties here, that the marriage of the father and mother of the five children of Benjamin F. Kniffin, does not entitle them to come into the benefits arising under clause 12, of the will.

It will be remembered in this connection, that the marriage occurred before the date of the will, necessarily therefore, long before the death of the testator. It does not appear whether or not the testator had knowledge of this marriage. It may be a matter of considerable doubt as to whether he did have that knowledge, for it appears from the direct testimony of several of the family of Benjamin F. Kniffin that they had no such knowledge until after the commence-

ment of this proceeeding; but whether or not the testator had this knowledge we do not deem very material. We must look to the terms of the will to ascertain what shall be the proper effect given to it. I repeat; the language of the statute is: "When a man has by a woman one or more children, and afterwards inter-marries with her, such issue, if acknowledged by him as his child or children, shall be deemed legitimate." What meaning is to be attached, by these terms, if they are to be deemed legitimate? They are precisely as if the marriage had occurred before their birth. There can be no distinction taken, unless we, in some manner, treat the statute as not meaning what it purports to mean. There can be no question about it in our minds, but that these children are in all respects to be regarded precisely as if this marriage had occurred before their birth instead of after.

A case arose a number of years ago in Knox county, under what is now made the concluding sentence of this section: "The issue of parents whose marriage is deemed null in law, shall nevertheless be legitimate."

In disposing of the case reported in the case of Wright v. Lore, 12 O. S., 619, the court says, according to the note appended to this section:

" W was married in Canada in 1822, and the issue of that marriage was the plaintiff. In 1833, his wife still living, he came to Ohio and married another woman, she being ignorant of his former marriage. They cohabited together as husband and wife, and had issue, four children. W died in 1843, seized of the land in dispute, and these four children conveyed their interest to the defendant. The act of 1831, was substantially the same as the section to which this note is appended: *Held*, that the expression, ' deemed null in law ' is not confined to marriages which are voidable and require a judicial sentence to establish their nullity, but that the innocent children of the marriage *de facto*, although that marriage must be deemed in law a nullity, come within the letter and spirit of the enactment. "

In this case, if any one is to suffer, it must be the children of this marriage, who were utterly innocent of any wrong-doing, or any violation either of the law, or those rules which should govern a well ordered community. The children are not at fault for any wrong or mistake of their parents.

The law seeks to relieve the children from the consequences that would otherwise attach to the meretricious action of the kind shown in this case.

We have no doubt, in conclusion, that the five children, not only the child that was born after the marriage, but the four children who were born before the marriage, are to be considered in a proceeding of this character, just as much the legitimate children of this marriage which subsequently took place, as if the marriage ceremony had occurred prior to the birth of the children. It follows therefore, from these facts and considerations, that the plaintiff is entitled to partition of the 133⅓ acres of land as prayed for in the petition, and the order will be accordingly.

The court will see that the proper commissioners are selected and the proper entry made.

*L. D. Strutton*, attorney for plaintiff and the other children of B. F. Kniffia *Stewart & Rowley*, attorneys for other defendants.